IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
OCT 13 2015
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| AUDREY K. BUCK,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | CV 14–235–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendation on June 23, 2015, recommending that Plaintiff Audrey K. Buck's motion for summary judgment be denied, and that the Commissioner's decision be affirmed. Buck timely filed objections and is therefore entitled to *de novo* review of the specified findings and recommendation to which she objects. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendation not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

- 1 -

Counsel for Buck objects only that the Findings and Recommendation do not address Counsel's response to the Order to Show Cause. To the extent the Court will respond to this non-substantive objection, that response will issue from Judge Lynch. As Buck raises no other objections, the Court will review for clear error.

Judge Lynch did not clearly err in finding that, because the ALJ had adequate and unambiguous evidence upon which to base his decision, the ALJ was not required to further develop the record by ordering a consultative examination. The record regarding Buck's alleged mental impairments includes treatment notes from Buck's primary care physician as well as from nurse practitioners, and shows Buck's symptoms were well-controlled on medication. Also included were the ALJ's findings that Buck's activities of daily living were only mildly restricted by her depression and anxiety. The ALJ thus had adequate and unambiguous evidence upon which to base its decision, and was therefore not required to further develop the record by ordering a consultative examination of Buck or eliciting expert medical testimony.

Next, Judge Lynch did not clearly err in finding the ALJ acted properly when discounting Dr. Tremper's physical capacities assessment form. The ALJ properly discounted Dr. Tremper's opinion because it was apparently based in part on Buck's subjective complaints, because no evidence indicated Dr. Tremper

conducted any objective testing to assess Buck's abilities, and because the ALJ had sufficiently clear and convincing reasons for finding Buck less than entirely credible.

There was no clear error in Judge Lynch's determination that the ALJ had sufficiently clear and convincing reasons, supported by substantial evidence, for finding Buck less than entirely credible. The ALJ noted discrepancies between Buck's complaints and 1) the results of medical examinations and x-rays, 2) Buck's conservative course of treatment, and 3) Buck's continuing ability to engage in the daily activities of caring for her grandson, fixing simple meals, and doing light cleaning and small loads of laundry. This specific evidence was enough to weaken the credibility of Buck's testimony.

Nor was there clear error in Judge Lynch's determination that the ALJ provided germane reasons for rejecting the testimony of Buck's daughter, Melissa. Melissa's testimony that Buck could not sit, stand, or hold up her head for more than five or ten minutes, and that Buck has to lie down due to anxiety, was not supported by the medical records. These inconsistencies undermined Melissa's testimony, and were germane reasons for rejecting it.

Finally, Judge Lynch did not clearly err in determining that, while the ALJ erred by not asking the vocational expert if a person who is unable to understand,

remember, and carry out complex and detailed instructions could perform those jobs, the error was harmless. Relying on the vocational expert's testimony, the ALJ found Buck could perform the jobs of bench assembler, motel cleaner, and deli clerk, as set forth in the DOT. All three jobs are identified in the Dictionary of Occupational Titles as "SVP 2", which equates to unskilled work, which in turn accounts for a limitation of following only short, simple instructions. The vocational expert identified unskilled jobs, thus accounting for the limitation on understanding, remembering, and carrying out complex instructions, and rendering the ALJ's error harmless.

There being no clear error in Judge Lynch's remaining Findings and Recommendation,

IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 20) are ADOPTED IN FULL. Plaintiff's motion for summary judgment (Doc. 15) is DENIED. The Commissioner's decision is AFFIRMED.

Dated this 13th day of October, 2015

Dana L. Christensen, Chief Judge
United States District Court